COLE, Justice.
This matter was consolidated for purposes of oral argument before this court with a suit bearing the same title, our docket number 92-CC-0784. We render a separate opinion this day in 92-CC-0784, 609 So.2d 184.

ISSUE

The issue presented in this case is whether the court of appeal properly denied Lexington Insurance Company’s supervisory writ application which sought review of the trial court’s denial of Lexington’s summary judgment motion. We conclude the court of appeal did not give proper consideration to Lexington’s writ application because it failed to recognize all elements of recovery sought in the suit pending against Lexington. Accordingly, remand to the court of appeal for reconsideration of Lexington’s writ application is necessary.

FACTS AND PROCEDURAL HISTORY

Lexington Insurance Company (“Lexington”) issued a Directors and Officers Insurance and Company Reimbursement Policy (“D & 0 Policy” or “Policy”) to the Lupin Foundation (the “Foundation”) with a policy period from March 27, 1990 to March 27, 1991. The D & 0 Policy listed the Lupin Foundation as the “Named Corporation,” and defined “Named Corporation” as the “Company” under the terms of the policy.
*193 Clause 1 of the D & 0 Policy titled “Insuring agreement” required Lexington to “pay the Loss of each and every Director or Officer of the Company arising from any claim or claims first made against the Directors or Officers and reported to the Insurer during the Policy Period....” Clause 1 further obligated the Insurer “in accordance with and subject to Clause 9,” to “advance to each and every Director and Officer the Defense Costs of such claim or claims prior to their final disposition.”
Clause 4, the “Exclusions” section of the Policy, limited the broad sweep of Clause l’s coverage, providing in part:
The insurer shall not be liable to make any payment for Loss in connection with any claim or claims made against the Directors or Officers:
* * * * * *
(i) which are brought by any Insured or the Company; or which are brought by any security holder of the Company, whether directly or derivatively, unless such claim(s) is instigated and continued totally independent of, and totally without the solicitation of, or assistance of, or active participation of, or intervention of, any insured or the Company; provided, however, this exclusion shall not apply to wrongful termination of employment claims brought by a former employee other than a former employee who is or was a Director of the Company;
(Emphasis added.)
Clause 2, the “Definitions” section of the D & 0 policy, provided the following pertinent definition: “(e) Tnsured(s),’ or ‘Directors),’ or ‘Officer(s)’ means any past, present, or future duly elected or appointed Directors or Officers of the Company. Coverage will automatically apply to all new Directors and Officers at the inception date of this policy.”
During the D & 0 Policy period, Dr. Charles C. Mary, a member and director of the Lupin Foundation filed a derivative action against several of the past and present directors of the Foundation (the “Inside-Defendants” [1]) alleging the Inside-Defendants engaged in self-dealing conduct in breach of their fiduciary duties. (A complete recitation of the facts giving rise to the Dr. Mary/Lupin Foundation action can be found in our opinion rendered today, docket number 92-CC-0784, 609 So.2d 184.) The Inside-defendants (third-party plaintiffs/respondents) promptly forwarded letters to Lexington (third-party defendant/applicant) notifying Lexington of Dr. Mary’s claim and demanding payment of defense costs.
Lexington responded to these demands by advising the Inside-defendants of its position that the D & 0 Policy excluded coverage for the claims made by Dr. Mary, the plaintiff in the main demand. Lexington viewed Dr. Mary’s claim as falling within the “Insured versus Insured” exclusion of the D & 0 Policy (Exclusion 4(i) quoted supra), being a suit by one director/insured of the Foundation against other directors/insureds. Furthermore, based on the definition of the term “Loss” [2] as used in Exclusion 4(i), Lexington took the position that it was not required to advance defense costs either.
The Inside-defendants filed a third-party demand against Lexington, alleging Lexington had “a responsibility to advance defense costs [to the Inside-defendants] prior to final disposition of this claim,” and further reserving all rights to “demand ... indemnity according to the proof adduced at trial, factual and legal findings by the courts, and the provisions of the Lexington *194 policy.” Inside-defendants alleged the “Insured versus Insured” exclusion was “ambiguous,” “hyper-technical,” “overly semantic,” and “contrary to the reasonable expectations of the directors” and, therefore, must be construed against Lexington. Inside-defendants further alleged Clause 9 of the D & 0 Policy, which Clause set forth Lexington’s defense cost obligations, was “confusing, contradictory, and ambiguous, and ... should therefore be deemed ineffective or contrary to the public policy of this state.” Based on these allegations it is apparent the Inside-defendants’ third-party demand sought two elements of recovery: defense costs incurred in defending against Dr. Mary’s claim and indemnity for any judgment which might be rendered against them.
Lexington responded to the Inside-defendants’ suit by filing a motion for summary judgment, arguing the undisputed facts clearly established the Policy’s exclusion of coverage for this claim by one director/insured against other director/insureds. Lexington further argued the policy neither required it to advance defense costs when the claim itself was not covered nor imposed an independent duty upon it to defend against the lawsuit.
The trial court denied Lexington’s motion for summary judgment, finding the D & 0 Policy to be ambiguous and hence requiring a construction against the insurer for purposes of ruling on a summary judgment motion. The trial court also found that interpretation of the Policy to resolve the ambiguity would require introduction of facts and testimony which should appropriately be done at the trial on the merits. In this same judgment, the trial court also denied a peremptory exception of peremption which the Inside-defendants had filed in the action on the main demand.
The Inside-defendants and Lexington both sought supervisory writs from the Fourth Circuit Court of Appeal to review, the respective rulings against them. The Fourth Circuit granted the Inside-defendants’ writ application and reversed the trial court’s denial of their peremptory exception. The Fourth Circuit then addressed Lexington’s writ application, but denied it, finding the dismissal of the main demand rendered Lexington’s application moot.
Lexington filed a supervisory writ application with this court. We granted Lexington’s application[3].

ANALYSIS

It is obvious the fourth circuit, in concluding its dismissal of the main demand rendered Lexington’s motion for summary judgment moot, failed to fully consider all of the relief sought by the Inside-defendants’ petition. Part of that relief was reimbursement for defense costs which had already been expended. This aspect of the third-party demand clearly was not rendered moot by the fourth circuit’s dismissal of the main demand and the fourth circuit erred in concluding otherwise. Moreover, by our decision rendered this day in docket number 92-CC-0784, we reverse the fourth circuit’s dismissal of the Dr. Mary/Lupin Foundation main demand and remand that matter to the trial court for further proceedings. Hence not only are the past defense cost expenditures a viable issue, the indemnity aspect of the Inside-defendants’ third-party demand also looms over the third-party defendants, together with its further additional defense costs.

CONCLUSION

In failing to recognize all of the elements of recovery sought by the Inside-defendants’ third-party demand, the fourth circuit denied Lexington’s supervisory writ application without giving that application proper consideration. Accordingly, we now vacate the fourth circuit’s denial of Lexington’s writ application and remand this matter to the court of appeal for reconsideration of said application, giving full weight to all elements of relief sought by the third-party plaintiffs’ petition.

*195
REMANDED TO THE COURT OF APPEAL.

WATSON, J., dissents.

. The Inside-defendants are Dr. E. Ralph Lupin, Dr. Arnold M. Lupin, and Dr. Samuel Lupin.

. “Loss" is defined in Clause 2 of the D & O Policy, providing in part "(d) 'Loss’ means damages, judgments, settlements and Defense Costs..." (Emphasis added.)
"Defense Costs” is defined in Clause 2(b):
(b) "Defense Costs” means reasonable and necessary fees, costs and expenses consented to by the insurer (including premiums for any appeal bond, attachment bond or similar bond, but without any obligation to apply for or to furnish any such bond) resulting solely from the investigation, adjustment, defense and appeal of any claim against the Insureds, but excluding salaries of Officers or employees of the Company.

. 598 So.2d 343 (La.1992).